UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARMON COVE IV CONDOMINIUM ASSOCIATION, INC. and WILKIN MANAGEMENT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> INDIAN HARBOR INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and SCOTTSDALE INSURANCE COMPANY <br> Defendants. | Case No.: <br><br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Indian Harbor Insurance Company ("Indian Harbor"), by and through its undersigned counsel, hereby files this Notice of Removal, removing the above-captioned case from the New Jersey Superior Court, Hudson County, Docket No. HUD-L-002849-22, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Indian Harbor states as follows:

## I.   INTRODUCTION AND BACKGROUND

1. On or about August 26, 2022, Harmon Cove IV Condominium Association, Inc. ("Harmon Cove") and Wilkin Management Corp. ("Wilkin") (collectively, "Plaintiffs") filed a Complaint in the New Jersey Superior Court, Hudson County, in the action *Harmon Cove IV Condominium Association, et al. v. Indian Harbor Insurance Company, et al.*, Docket No. HUD-L-002849-22 (the "State Court Action").

2. The State Court Action arises out of an underlying personal injury lawsuit against Plaintiffs and other defendants pending in New Jersey Superior Court, Hudson County, in the action *James Visconti, et al. v. Harmon Cove IV Condominium Association, Inc., et al.*, Docket No. HUD-L-4639-19 (the "Underlying Action").  Neither Indian Harbor nor any of the other Defendants in the State Court Action are parties to the Underlying Action.

1

3. A true and correct copy of the Complaint against Indian Harbor in the State Court Action, including all attachments and the discovery track assignment, is attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

4. Counsel for Indian Harbor accepted service of the State Court Action on Indian Harbor's behalf via email correspondence on August 31, 2022. A copy of the correspondence is attached as **Exhibit B**.

5. As such, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service of the Complaint in the State Court Action upon Indian Harbor.

6. Removal is appropriate as this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and is one that may be removed to this Court by Indian Harbor pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## II.     DIVERSITY OF CITIZENSHIP

7. This action is removable from the New Jersey Superior Court, Hudson County, to the United States District Court for the District of New Jersey on the basis of diversity subject matter jurisdiction, pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a).

8. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of the state in which it is incorporated and of the state where it has its principle place of business. 28 U.S.C. § 1332(c)(1).

9. Plaintiff Harmon Cove avers in the State Court Action that it is a New Jersey corporation organized pursuant to the New Jersey Condominium Act, N.J.S.A. 26:8B-1 et seq. (Exhibit A ¶ 5.) Upon information and belief, Harmon Cove maintains a principal place of business in New Jersey.   Thus, Harmon Cove is a citizen of New Jersey.

10. Plaintiff Wilkin avers in the State Court Action that it is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 45

Whitney Road in Mahwah, New Jersey. (Exhibit A ¶ 6.)  Thus, Wilkin is a citizen of New Jersey.

11. Indian Harbor Insurance Company is a Delaware Corporation with a principal place of business located in Stamford, Connecticut. Thus, Indian Harbor is a citizen of Delaware and Connecticut and is therefore diverse from Plaintiffs.

12. Plaintiffs aver in the State Court Action that Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts insurance carrier with a principal place of business in Boston, Massachusetts. (Exhibit A ¶ 8.) Liberty Mutual is a Massachusetts company with a principal place of business located in Boston, Massachusetts. Thus, for purposes of this removal action, Liberty Mutual is a citizen of Massachusetts and diverse from the Plaintiffs.

13. Plaintiffs aver in the State Court Action that Scottsdale Insurance Company ("Scottsdale") is an Arizona insurance carrier with a principal place of business in Scottsdale, Arizona. (Exhibit A ¶ 9.) Scottsdale is an Ohio corporation with a principal place of business located in Scottsdale, Arizona. Thus, for purposes of this removal, Scottsdale is a citizen of Ohio and Arizona and is therefore diverse from the Plaintiffs.

14. As a result, complete diversity exists pursuant to 28 U.S.C. § 1332.

### III. AMOUNT IN CONTROVERSY

15. The amount in controversy requirement is satisfied as Plaintiffs are seeking insurance coverage from the Defendants that includes defense and indemnity obligations as to the claims asserted against Plaintiffs in the Underlying Action, plus compensatory damages, punitive damages, attorney fees, and costs. The Indian Harbor Policy under which the Plaintiffs seek coverage has limits of $1,000,000.00 each occurrence and $2,000,000 in the aggregate.

16. Because Plaintiffs are seeking insurance coverage from Defendants, including Indian Harbor, under insurance policies with limits of coverage in excess of $75,000 as well as

amounts for attorneys' fees and punitive damages, the claims alleged in the State Court Action exceed the $75,000 threshold established by 28 U.S.C. § 1332(a).

17. As of the filing of this removal, no other defendants have been served with the State Court Action.

### IV. CONCLUSION

18. For the foregoing reasons, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

19. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to counsel for Plaintiffs, and a copy, along with a Notice of Filing of Removal, will be promptly filed with the Clerk of the Superior Court of New Jersey for the County of Hudson

WHEREFORE, Indian Harbor respectfully request that Plaintiffs' action *Harmon Cove IV Condominium Association, et al. v. Indian Harbor Insurance Company, et al.*, Docket No. HUD-L-002849-22, filed with the Superior Court of New Jersey, Law Division, Hudson County, be removed to the United States District Court for the District of New Jersey.

Dated: September 30, 2022

Respectfully submitted,

KENNEDYS CMK, LLP

*/s/ Frank M. Falcone*
Frank M. Falcone, Esq.
Tyler J. Pierson, Esq.
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
(908) 848-6304
Frank.Falcone@kennedyslaw.com

*Attorneys for Defendant Indian Harbor Insurance Company*