<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARMON COVE IV CONDOMINIUM ASSOCIATION, INC. and WILKIN MANAGEMENT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> INDIAN HARBOR INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and SCOTTSDALE INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 22-5790 (SDW)(JRA) <br><br> **WHEREAS OPINION** <br><br> April 24, 2023 |

**THIS MATTER** having come before this Court upon Defendant Ohio Security Insurance Company's (improperly pleaded as Liberty Mutual Insurance Company) ("Ohio Security") Motion to Dismiss (D.E. 10) Plaintiffs Harmon Cove IV Condominium Association ("Harmon Cove") and Wilkin Management Corps.' ("Plaintiffs") Complaint (D.E. 1-1 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6)); and

**WHEREAS** Plaintiffs are a condominium association and management corporation responsible for a condominium property in Secaucus, New Jersey, whose pool was maintained by Preferred Pool Management, Inc. ("PPM") during the 2018 pool season, pursuant to a Pool Maintenance Contract between Plaintiffs and PPM. (Compl. ¶¶ 5, 12.)  Ohio Security issued a general liability insurance policy to PPM providing blanket additional coverage to parties for whom PPM agreed in writing to obtain such coverage. (Compl. ¶¶ 18, 20–21; D.E. 10-2 ¶ 11.) That policy was in effect on September 6, 2018, when an employee of PPM, James Visconti,

sustained injuries on Plaintiffs' premises while performing maintenance on the condominium's pool. (*Id.* D.E. 10-2 ¶¶ 1–10.) Pursuant to the Pool Maintenance Contract, PPM had agreed to add Plaintiffs as additional insureds to PPM's policy with Ohio Security. (Compl. ¶ 21.) This action arises from an underlying action in state court in which Visconti asserted negligence claims against Plaintiffs relating to that incident. *See Visconti v. Harmon Cove IV Condominium Ass'n*, Docket No. HUD-L-4639-19 ("Underlying Action"). (Compl. ¶¶ 1, 10–11.) Plaintiffs joined PPM as a third-party defendant in the Underlying Action, seeking contribution as joint tortfeasors and indemnification under the Pool Maintenance Contract. (*Id.* ¶¶ 28–29.) Defendants are not parties to the Underlying Action. On March 25, 2022, the Superior Court of New Jersey, Law Division, Hudson County ("Superior Court"), issued a decision in the Underlying Action, which was reversed in part and remanded by the Superior Court of New Jersey, Appellate Division ("Appellate Division") on November 18, 2022. (*See* D.E. 10-1 at 24–25; D.E. 22.); and

**WHEREAS** Plaintiffs filed this action on August 26, 2022, in the Superior Court of New Jersey, Law Division, Hudson County, asserting claims for declaratory judgment (Count One); breach of contract (Count Two); and bad faith and breach of the covenant of good faith and fair dealing (Count Three). (Compl. ¶¶ 60–75.) Defendant Indian Harbor Insurance Company timely removed the matter to this Court, invoking the Court's jurisdiction based on the parties' diversity of citizenship. (D.E. 1.) *See* 28 U.S.C. §§ 1332, 1446(b). In October 2022, Ohio Security filed the instant motion to dismiss, and the parties have completed briefing. (D.E. 10, 12, 13.) Plaintiffs have also filed a letter relating to the instant motion informing this Court of the November 18, 2022, decision of the Superior Court of New Jersey, Appellate Division, reversing the partial summary judgment granted in the Underlying Action. (D.E. 22.); and

**WHEREAS** an adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failure to state a claim. *Id.*; and

**WHEREAS** Ohio Security seeks to dismiss the Complaint by arguing that Plaintiffs are "judicially estopped" from asserting in this action that they are entitled to additional insured coverage under Ohio Security's policy because, in the Underlying Action, they have "already obtained a judgment premised on a finding that no such coverage is available"—namely, the Superior Court's decision issued on May 25, 2022. (*See* D.E. 10-2 at 8.) Judicial estoppel "seeks to prevent a litigant from asserting a position inconsistent with one that [it] has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,

81 F.3d 355, 358 (3d Cir. 1996). Here, however, Ohio Security fails to identify where Plaintiffs made a contradictory assertion in the Underlying Action. (*See* D.E. 10-2 at 8–11.) Instead, Ohio Security alleges in conclusory fashion that the Superior Court made its decision "[at Plaintiffs'] urging," (*id.* at 10), and that "the inconsistency of [Plaintiffs'] position is obvious." (D.E. 10-2 at 10; D.E. 14 at 2). Without evidence that Plaintiffs took an inconsistent position, judicial estoppel does not apply. *Ryan Operations*, 81 F.3d at 358; and

**WHEREAS** Ohio Security's argument is more akin to one of issue preclusion. It argues that "either PPM obtained the [additional insured coverage] insurance required" under the Pool Maintenance Contract or "it did not" and the "Superior Court has already found [the latter] to be true" so Plaintiffs should be precluded from "seeking a judgment that is incompatible with the one it has already obtained." (D.E. 10-2 at 10.) Issue preclusion is a doctrine that "prevents parties from relitigating an issue that has already been litigated." *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). There are four preconditions required for the application of issue preclusion: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Id.* at 175 (quotation marks and alterations omitted); and

**WHEREAS**, here, even assuming that the issue of whether PPM provided Plaintiffs with liability coverage was actually litigated in the Underlying Action,[1] there is not a "final and valid judgment" on this issue for purposes of issue preclusion because the Superior Court decision relied

---

[1] The parties make conflicting assertions regarding what claims were asserted in Plaintiffs Third-Party Complaint against PPM in the Underlying Action, and neither that complaint nor the opinion of the Superior Court detailing its reasons for issuing its March 25, 2022, order have been provided to this Court. (*See* Compl. ¶¶ 28–30; D.E. 10-2 ¶ 9.)

upon was reversed and remanded by the Appellate Division with respect to every issue on which the Superior Court had granted summary judgment. (*See* D.E. 10-1 at 24–25; D.E. 22 at 11–17.) *See Peloro*, 488 F.3d at 175; *Stone v. Williams*, 970 F.2d 1043, 1054 (2d Cir. 1992) (("A judgment vacated or set aside has no preclusive effect."); *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985) ("a judgment which is vacated . . . is deprived of its conclusive effect.")  The Appellate Division determined that summary judgment—including the Superior Court's finding that PPM had *not* provided liability coverage for Plaintiffs as additional insureds and thus breached the Pool Maintenance Contract—had been prematurely granted, so there is no final judgment on the issue. (D.E. 22 at 12–13.)  Consequently, Ohio Security has not demonstrated any reason why this matter should not proceed in the normal course; therefore,

Ohio Security's Motion to Dismiss (D.E. 10) is **DENIED**.  An appropriate order follows.

                                                          /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        José R. Almonte, U.S.M.J.