NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARMON COVE IV CONDOMINIUM ASSOCIATION, INC. and WILKIN MANAGEMENT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> INDIAN HARBOR INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and SCOTTSDALE INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 22-5790 (SDW) (JRA) <br><br> **OPINION** <br><br> April 25, 2023 |

**WIGENTON**, District Judge.

Before this Court is Defendant Scottsdale Insurance Company's ("Scottsdale") Motion to Dismiss (D.E. 21) Plaintiffs Harmon Cove IV Condominium Association, Inc. and Wilkin Management Corp.'s ("Plaintiffs") Complaint (D.E. 1-1 ("Compl.")) for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1391, respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Scottsdale's motion is **GRANTED**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are a condominium association and management corporation responsible for a condominium property in Secaucus, New Jersey, whose pool was maintained by Preferred Pool Management, Inc. ("PPM") during the 2018 pool season, pursuant to a Pool Maintenance Contract between Plaintiffs and PPM. (Compl. ¶¶ 5, 12.) On September 6, 2018, PPM employee James

Visconti fell on Plaintiffs' property while performing maintenance on the condominium's pool in the course of his employment with PPM, and allegedly sustained injuries. (*Id.* ¶ 10–16.) In an underlying state court action pending in the Superior Court of New Jersey, Law Division, Hudson County ("Superior Court"), Visconti has asserted various tort claims against Plaintiffs, alleging that he was injured because Plaintiffs failed to keep the pool's premises in a safe condition. (*Id.* ¶ 10, 15.) *See Visconti v. Harmon Cove IV Condominium Ass'n*, Docket No. HUD-L-4639-19 ("Underlying Action"). Plaintiffs have joined PPM as a third-party defendant to the Underlying Action, seeking contribution as joint tortfeasors and indemnification under the Pool Maintenance Contract. (*Id.* ¶ 29–30.)

The present dispute concerns who should be liable for the costs of defending Plaintiffs, and for any damages awarded to Visconti, in the Underlying Action. (*Id.* ¶¶ 60–75.) Defendants Indian Harbor Insurance Company ("Indian Harbor") and Ohio Security Insurance Company (improperly pleaded as Liberty Mutual Insurance Company) ("Ohio Security") each issued a general liability insurance policy to PPM—in effect at the time of Visconti's fall—which had a blanket additional insured endorsement providing coverage to parties with whom PPM agreed in writing to add as additional insureds. (*Id.* ¶¶ 17–20.) Scottsdale issued an excess liability policy to PPM (the "Scottsdale Excess Policy") for damages covered by, but in excess of the limits of, Indian Harbor's policy. (*Id.* ¶ 19; *see* D.E. 21-1 at 25–78.) In the Pool Maintenance Contract, executed prior to Visconti's fall, PPM agreed to add Plaintiffs as additional insureds to these policies. (Compl. ¶ 21.) Accordingly, Plaintiffs allege that they are additional insureds under both the Indian Harbor and Ohio Security policies, as well as Scottsdale's excess liability policy. (*Id.* ¶ 21–22.)

As relevant here, the Scottsdale Excess Policy contains an "Injury to Worker Exclusion," in effect at the time of Visconti's fall, which excluded from coverage any injury to an "employee

2

. . . of any insured . . . if such injury arises out of and in the course of their employment." (D.E. 21-1 at 25, 74.)[1]  The Injury to Worker Exclusion also expressly excludes from coverage any "obligation of any insured to defend, indemnify or contribute with another because of injury to . . . [an] employee . . . of any insured." (*Id.*)  Regarding additional insureds, the Policy states that "[a]ny additional insured under any policy of 'controlling underlying insurance' will automatically be an additional insured under this insurance" but that "[a]dditional insured coverage provided by this insurance will not be broader than coverage provided by the 'controlling underlying insurance'"—here, Indian Harbor's policy with PPM. (*Id.* at 25, 29.)  The Policy further states that Scottsdale's excess coverage "will not be broader" than the coverage provided by Indian Harbor and that, to the extent the provisions of Indian Harbor's and Scottsdale's policies "differ or conflict, the provisions of [Scottsdale's policy] will apply." (*Id.* at 25, 28.)

Plaintiffs filed this action on August 26, 2022, in the Superior Court of New Jersey, Law Division, Hudson County, asserting claims for declaratory judgment (Count One); breach of contract (Count Two); and bad faith and breach of the covenant of good faith and fair dealing (Count Three). (Compl. ¶¶ 60–75.)  Defendant Indian Harbor Insurance Company timely removed the matter to this Court, invoking the Court's jurisdiction based on the parties' diversity of citizenship. (D.E. 1.)  *See* 28 U.S.C. §§ 1332, 1446(b).  Plaintiffs subsequently agreed to dismiss Count Three against Scottsdale. (D.E. 20.)  Scottsdale now moves to dismiss Plaintiffs' remaining claims against it, and the parties have completed briefing. (D.E. 21, 24, 25.)

---

[1] Although Plaintiffs did not attach the Scottsdale Excess Policy to their Complaint, this Court may consider this document on a Rule 12(b)(6) motion because it is "explicitly relied upon in the complaint" and Plaintiffs' claims against Scottsdale are "based on" this agreement. *Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016) (emphasis omitted) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). (*See* Compl. ¶¶ 19, 22, 44, 49.)  The Policy was in effect from May 2018 to May 2019. (D.E. 21-1 at 25.)

## II. <u>LEGAL STANDARD</u>

An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). A claim for relief must be "plausible" and a complaint will not survive a motion to dismiss if the "well-pleaded facts do not permit the court to infer more than the mere possibility" of defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (noting that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. <u>DISCUSSION</u>

In Count One, Plaintiffs seek a declaratory judgment requiring Defendants to indemnify Plaintiffs for all amounts potentially awarded to Visconti in the Underlying Action, to immediately assume the defense of Plaintiffs in that action, and to reimburse Plaintiffs for the costs already

## II. <u>LEGAL STANDARD</u>

An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). A claim for relief must be "plausible" and a complaint will not survive a motion to dismiss if the "well-pleaded facts do not permit the court to infer more than the mere possibility" of defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (noting that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. <u>DISCUSSION</u>

In Count One, Plaintiffs seek a declaratory judgment requiring Defendants to indemnify Plaintiffs for all amounts potentially awarded to Visconti in the Underlying Action, to immediately assume the defense of Plaintiffs in that action, and to reimburse Plaintiffs for the costs already

expended in defense of that action. (Compl. ¶¶ 60–65.) In Count Two, Plaintiffs assert that Defendants breached their contracts with Plaintiffs by denying this coverage. (*Id*. ¶¶ 44, 49, 66–70.) Both claims require the Court to find that Scottsdale was contractually required, pursuant to the Scottsdale Excess Policy, to provide coverage for the Underlying Action. (*Id*. ¶¶ 19, 22, 44, 49; *see* D.E. 21-1 at 74.) However, Plaintiffs' claims against Scottsdale clearly fall within the Injury to Worker Exclusion of that Policy and must be dismissed.

The Declaratory Judgment Act gives federal courts power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Such declarations "have the force and effect of a final judgment." *Id*; *see* Fed. R. Civ. P. 57. A demand for declaratory relief "shall state with precision the declaratory judgment desired." To state a claim for breach of contract under New Jersey law,[2] a plaintiff must allege that: (1) the "parties entered into a contract containing certain terms"; (2) the plaintiff "did what the contract required [it] to do"; (3) the defendant did not, and thus breached the contract; and (4) the defendant's breach "caused a loss to the plaintiff." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (quoting N.J. Model Civil Jury Charges § 4.10A, *The Contract Claim – Generally*, (May 1998)).

Under New Jersey law, "[a]n insurance policy is a contract that will be enforced as written when its terms are clear," and its language is interpreted "according to its plain and ordinary meaning." *Flomerfelt v. Cardiello*, 997 A.2d 991, 996 (N.J. 2010) (quotation marks omitted). New Jersey courts recognize that an insurance policy is a contract "between parties who are not equally situated," given that it is typically "prepared unilaterally by the insurer" and the insured

---

[2] The parties agree that New Jersey law applies to Plaintiffs' claims against Scottsdale. (D.E. 21-2 at 15; D.E. 24 at 8.)

party's "understanding is often impeded by the complex terminology used." *President v. Jenkins*, 853 A.2d 247, 254 (N.J. 2004) (quotation marks omitted). Thus, when an ambiguity exists in the terms of an insurance policy—that is, where its language "fairly supports two meanings"—courts should construe the policy "to comport with the reasonable expectations of the insured." *Id*. However, "courts cannot write for the insured a better policy of insurance than the one purchased." *Flomerfelt*, 997 A.2d at 996.

Insurance policy exclusions are "narrowly construed" and the "burden is on the insurer to bring the case within the exclusion." *Id.* at 996–97. But if an exclusionary clause is "specific, plain, clear, prominent, and not contrary to public policy," it is enforceable. *Id*. at 996 (quotation marks omitted). To determine whether an insurer has a duty to defend or indemnify an insured party, courts "compar[e] the allegations in the complaint with the language of the policy." *Voorhees v. Preferred Mut. Ins. Co.*, 607 A.2d 1255, 1259 (N.J. 1992); *see Montville Twp. Bd. of Educ. v. Zurich Am. Ins. Co.*, 783 F. App'x 235, 241 (3d Cir. 2019) (finding that a "plain reading of the allegations in the Complaint unequivocally [brought] them within the ambit of" an insurance policy's exclusion).

Here, the Injury to Worker Exclusion in the Scottsdale Excess Policy unambiguously applies to bar Plaintiffs from seeking coverage for Visconti's injuries and Plaintiffs' defense in the Underlying Action. Plaintiffs' Complaint alleges that Visconti was an employee of PPM and that, on the day he fell, "PPM directed [him] to perform pool service and maintenance work on the condominium's pool." (Compl. ¶¶ 10, 13–14.) It also describes in detail Plaintiffs' reasons for believing that PPM is liable for Visconti's injury, including that Visconti "was in employ of PPM at the time of his injury," clearly performing pool maintenance work when he fell. (*Id*. ¶¶ 32–33.) Specifically, it alleges that discovery in the Underlying Action has revealed that Visconti was

carrying a heavy bucket and containers of liquid shock while walking up wooden steps to the pool house when he sustained his injuries. (*Id*.)

The Injury to Worker Exclusion excludes from coverage any injury to an "employee . . . of *any* insured . . . if such injury arises out of and in the course of their employment" as well as any "obligation of *any* insured to defend, indemnify or contribute with another because of injury to . . . [an] employee . . . of *any* insured." (D.E. 21-1 at 25, 74 (emphasis added).) Although the Complaint alleges that Visconti was an employee of PPM, and not Plaintiffs, the exclusion plainly applies here because it excludes coverage for employees of "any" insured—which includes PPM's employees—and because the Complaint alleges that Visconti was injured in the course of his pool maintenance work for PPM. (Compl. ¶¶ 10, 13–14, 32–33.) *See Voorhees*, 607 A.2d at 1259; *Montville Twp. Bd. of Educ.*, 783 F. App'x at 241.

This Court finds no ambiguity in the Injury to Worker Exclusion, nor any public policy reason for not enforcing it. *See Flomerfelt*, 997 A.2d at 996. It is written in plain terms and prominently featured in the policy, with its title in capitalized letters and preceded by other capitalized letters warning that it is an endorsement that "changes the policy. Please read it carefully." (D.E. 21-1 at 74.) This Court also notes that the Policy's "Schedule of Controlling Underlying Insurance" lists "General Liability," "Commercial Auto Liability," and "Employer Liability" as distinct categories of insurance. (D.E. 21-1 at 27.) Indian Harbor's policy is listed as PPM's underlying "General Liability" policy, but nothing is listed in the space for an underlying "Employer Liability" policy, which is further evidence that the parties understood Scottsdale would not cover PPM's liabilities to its employees. (*Id*.) Further, as additional insureds to PPM's policy with Scottsdale, Plaintiffs are forbidden by the Policy's plain terms from seeking coverage that is broader than that provided to PPM. (*See id*. at 28–29.) For all of these reasons, this Court

7

must enforce the plain terms of the Injury to Worker Exclusion and dismiss Plaintiffs' claims against Scottsdale, which seek indemnification and defense from a party that has no contractual obligation to provide such coverage.  *See Flomerfelt v. Cardiello*, 997 A.2d at 996; *Globe Motor Co.*, 139 A.3d at 64; *Iqbal*, 556 U.S. at 679.

### IV.     CONCLUSION

For the reasons set forth above, Scottsdale' Motion to Dismiss is **GRANTED** and Plaintiffs' claims against Scottsdale are **DISMISSED** for failure to state a claim.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:          José R. Almonte, U.S.M.J.
              Parties

8